UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

_____

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 06-CR-20027 |
| ) | |
| DESEAN W. JOHNSON, ) | |
| ) | |
| Defendant. ) | |

## OPINION

On March 18, 2013, Defendant, DeSean Johnson, filed a pro se Motion to Vacate Nunc Pro Tunc (#21). This court has concluded that Defendant's pro se Motion (#21) must be construed as a Motion under 28 U.S.C. § 2255.

BACKGROUND

On April 6, 2006, Defendant was charged by indictment (#1) with the offense of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 1), and the offense of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c) and 2 (Count 2). On June 30, 2006, Defendant entered an open plea of guilty to both offenses charged in the indictment. On October 18, 2006, Defendant was sentenced to a term of 96 months on Count 1 and 60 months on Count 2, to be served consecutively, for a total sentence of 156 months in the Federal Bureau of Prisons. Defendant did not appeal and challenge his convictions or sentence. Defendant also did not file a Motion under 28 U.S.C. § 2255 within one year following his convictions.

ANALYSIS

On March 18, 2013, this court received a lengthy letter (#22) from Defendant. In the letter, Defendant stated that his trial counsel was "largely ineffective" and convinced him to plead guilty even though he wanted to go to trial. Defendant stated that he believed he had a good chance of being found not guilty of Count 2 of the indictment and cited three cases he believed supported this position. Also on March 18, 2013, Defendant filed a pro se "Motion to Vacate Nunc Pro Tunc" (#21). Defendant's Motion is somewhat unclear but he appears to be asking this court to vacate his guilty plea to Count 2 of the indictment because he wanted to go to trial and did not receive the sentencing consideration he was expecting following his guilty plea.

This court concludes that, in his pro se Motion, Defendant is seeking relief he can obtain only through 28 U.S.C. § 2255.[1] A motion filed after the expiration of the time for direct appeal, and invoking grounds mentioned in § 2255(a), is a collateral attack under § 2255. See United States v. Evans, 224 F.3d 670, 673 (7th Cir. 2000); United States v. Ball, 2010 WL 2545697, at *1 (W.D. Wis. 2010). A motion contending that the conviction or sentence violates the Constitution must be considered a motion under § 2255. See Evans, 224 F.3d at 673-74. A postconviction motion that is functionally, substantively, a motion under § 2255 should be treated as such, even if labeled differently. Henderson v. United States, 264 F.3d

---

[1] 28 U.S.C. § 2255(a) provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

709, 710 (7th Cir. 2001), citing Evans, 224 F.3d at 673.  This court concludes that, in his Motion, Defendant is claiming that his conviction violates the Constitution because he was denied his constitutional right to the effective assistance of counsel.  The relief Defendant is seeking, vacation of his conviction and sentence, can only be obtained through § 2255.  See Ball, 2010 WL 2545697, at *1.  Therefore, the Motion must be construed as a Motion under § 2255.

However, pursuant to Castro v. United States, 540 U.S. 375, 383 (2003), this court must advise Defendant of this court's intent to characterize the Motion as one under § 2255 and warn Defendant that this characterization will subject any subsequent § 2255 motion to the restrictions applicable to second or successive § 2255 motions (see 28 U.S.C. § 2255(h)).  This court further advises Defendant that he has the opportunity to withdraw the Motion, if he does not want it to be considered a Motion under § 2255, or to amend it to include every § 2255 claim that he believes he has.  Castro, 540 U.S. at 383.

   IT IS THEREFORE ORDERED THAT:

(1) This court has construed Defendant's pro se Motion (#21) as a Motion under 28 U.S.C. § 2255.  The clerk is directed to open a civil case brought pursuant to 28 U.S.C. § 2255 and file Defendant's Motion in the civil case.

(2) Defendant is allowed thirty (30) days from the date of this Opinion to withdraw his Motion if he does not want to proceed under 28 U.S.C. § 2255 or to amend his Motion to include every § 2255 claim he believes he has.

(3) If Defendant does not withdraw his Motion, the case will proceed under § 2255. In ruling on the Motion under § 2255, this court will address the issue of the timeliness of his collateral attack under § 2255.

(4) If Defendant's Motion is not withdrawn, the Government is directed to file its Response to Defendant's Motion, whether amended or not, by May 22, 2013.

ENTERED this 21st day of March, 2013.


s/MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE